**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 08-6811**

—————————

UNITED STATES OF AMERICA,

           Plaintiff - Appellee,

    v.

KENNETH EARL LOGAN, JR.,

           Defendant - Appellant.

—————————

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Rebecca Beach Smith, District Judge.  (2:99-cr-00141-RBS-2)

—————————

Submitted:  September 23, 2008    Decided:  October 8, 2008

—————————

Before MICHAEL and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

—————————

Vacated and remanded by unpublished per curiam opinion.

—————————

Kenneth Earl Logan, Jr., Appellant Pro Se.  Laura Marie Everhart, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth Earl Logan, Jr., appeals from the district court's order granting his 18 U.S.C. § 3582(c)(2) (2000) motion for reduction of sentence based on recent amendments to the sentencing guidelines. Because it appears from the record that the district court erroneously calculated Logan's new advisory Guidelines range under the amendments, we vacate and remand for further consideration.

Logan was convicted of: conspiracy to possess with intent to distribute fifty grams or more of cocaine base and five kilograms or more of powder cocaine (Count Ten); possession with intent to distribute 168.71 grams of cocaine powder (Count Thirteen); and possession with intent to distribute 292.6 grams of crack cocaine (Count Fourteen). As originally calculated, Logan's base offense level was 36. He received a reduction of two levels based on his minor role in the offense and an increase of two levels for obstruction of justice. His total offense level was 36, his criminal history category was IV, and his Guidelines range was 262-327 months in prison. He was sentenced to 262 months on Counts Ten and Fourteen and 240 months on Count Thirteen. The sentences ran concurrently.

Logan filed the subject § 3582(c)(2) motion, contending that he was entitled to a reduction in his sentence under Amendments 706 and 711 of the Guidelines, which lowered the base

2

offense levels for most offenses involving crack cocaine. See U.S. Sentencing Guidelines Manual § 2D1.1(c) (2007 & Supp. 2008); USSG App. C, Amend. 706, 711. The district court granted the motion and reduced Logan's sentence to 240 months. In arriving at this sentence, the court first identified Logan's new base offense level as 34. With the same adjustments for his role in the offense and obstruction of justice, his total offense level became 34, and his advisory Guidelines range as initially calculated became 210-262 months. The court apparently believed that Logan was subject to a statutory minimum term of twenty years because of his conviction on Count Thirteen and concluded that his new Guidelines range was 240-262 months in prison.[*]

On the record before us, it appears that the district court erroneously determined that Logan was statutorily subject to a minimum term of 240 months on Count Thirteen. Possession with intent to distribute 168.71 grams of powder cocaine subjected Logan to no mandatory minimum sentence, but instead to a maximum penalty of twenty years in prison, see 21 U.S.C. § 841(b)(1)(C) (2000).

---

[*]In concluding that Logan was subject to a "restricted guideline range," the court apparently was referring to USSG § 5G1.1(c)(2) (sentence may be imposed at any point within Guidelines range provided it "is not less than any statutorily required minimum sentence"). In this regard, the court observed that Logan's "restricted guideline range is 240-262 months because of a statutory mandatory minimum of 240 months on count 13. Accordingly, the court finds that a reduction of defendant's original imprisonment term to a term of two hundred forty (240) months is appropriate and reasonable."

3

His advisory Guidelines range under the relevant amendments would be 210-262 months.

Because the district court erroneously calculated Logan's advisory Guidelines range under the relevant amendments, we vacate the sentence and remand for further consideration in light of this opinion. We deny the motion for appointment of counsel and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED